**Tess Hellgren,** OSB No. 191622
tess@innovationlawlab.org
**Jordan Cunnings,** OSB No. 182928
jordan@innovationlawlab.org
**Rachel Landry** *(pro hac vice application forthcoming)*
rachel@innovationlawlab.org
Innovation Law Lab
333 SW 5th Ave., Suite 200
Portland, OR 97240
Telephone: (503) 922-3042

**Mary Kenney** *(pro hac vice application forthcoming)*
mary@immigrationlitigation.org
**Kristin Macleod-Ball** *(pro hac vice application forthcoming)*
kristin@immigrationlitigation.org
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
Telephone: (617) 819-4681

*Attorneys for Plaintiff Innovation Law Lab*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INNOVATION LAW LAB, | Case No. 3:24-cv-00322 |
| Plaintiff, | |
| | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant, U.S. Citizenship and Immigration Services (USCIS), to immediately release, and proactively disclose to the public, full and complete copies of two documents: the Credible Fear Procedures Manual (CFPM) and the Reasonable Fear Procedures Manual (RFPM). The CFPM and RFPM are USCIS staff manuals providing procedural guidance for conducting and overseeing screening of individuals facing removal who express a fear of persecution, torture, or return to their countries of origin. Absent successfully raising claims for protection against persecution or torture in the screening process, these individuals would be subject to deportation through expedited processes conducted by the U.S. Department of Homeland Security (DHS).

2. Individuals making credible or reasonable fear claims, as well as their attorneys and families, need access to the full range of policies and procedures governing Defendant's actions during the credible and reasonable fear processes to ensure that they can pursue protection from deportation based on their fear of persecution or torture. But Defendant has failed to make the operative versions of these two key manuals—the CFPM and the RFPM—available to the public.

3. As a result, on April 24, 2023, Plaintiff Innovation Law Lab (Law Lab) submitted a FOIA request (the FOIA Request) to Defendant requesting expedited processing and both: (a) "the operative versions, as of the date of this request, of the Credible Fear Procedures Manual (CFPM) and the Reasonable Fear Procedures Manual (RFPM)"; and (b) proactive disclosure of electronic versions of the CFPM and RFPM, pursuant to its obligation under 5 U.S.C. § 552(a)(2) to release, inter alia, "administrative staff manuals and instructions to staff that affect a member of the public," 5 U.S.C. § 552(a)(2)(C), and "statements of policy and interpretations

which have been adopted by the agency and are not published in the Federal Register," 5 U.S.C. § 552(a)(2)(B). Exhibit A at 1-2. It has now been close to 10 months since Plaintiff filed its FOIA request. Despite its statutory obligation to do so, Defendant has failed to produce any records to Plaintiff, to proactively disclose the CFPM or RFPM, or to make a substantive response to the merits of the FOIA Request. Accordingly, Plaintiff is entitled to a judgment declaring that Defendant has violated FOIA and ordering Defendant both to release the CFPM and RFPM to Plaintiff and to proactively disclose the CFPM and RFPM to the public, in accordance with FOIA.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

5. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff has its principal place of business in this District. Divisional venue is proper under Local Rule 3-2 because a substantial part of the events or omissions giving rise to the claim occurred in this division.

6. Defendant acknowledged receipt of the FOIA Request by sending a notice on April 24, 2023. *See* Exhibit B. To date, Defendant has not made a determination on Plaintiff's FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(A). Defendant's failure to make a determination within the statutory time period constitutes a constructive denial of the FOIA Request. Thus,

Plaintiff is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).[1]

## PARTIES

7. Plaintiff Innovation Law Lab is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with a principal place of business in Portland, Oregon. Law Lab's mission is to harness the power of technology, law, and activism to advance immigrant and refugee justice. Law Lab has vast experience providing pro bono legal services to asylum-seeking immigrants in detention, including establishing pro bono projects in Artesia, New Mexico, and Dilley, Texas, to provide representation for immigrant families in detention. Together with partner organizations, Law Lab works to provide support, win release, and facilitate legal representation for persons in ICE custody at detention facilities in New Mexico. An integral part of this effort is a legal orientation hotline that Law Lab offers for individuals detained at Torrance County Detention Facility (TCDF) in Estancia, New Mexico. Through this hotline, as well as through in-person group orientations, accredited representatives provide support to individuals detained at TCDF, including by providing information about the credible and reasonable fear interview process. Timely, complete, and accurate information about USCIS's credible and reasonable fear screening procedures is key to the effectiveness of Law Lab's legal services.

8. Defendant USCIS is a component agency of DHS and is the federal agency primarily responsible for administering the reasonable fear and credible fear screening processes. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and has control over the records Plaintiff seeks.

---

[1] Defendant denied Plaintiff's request for expedited processing on April 24, 2023, and Plaintiff appealed that decision on May 17, 2023. *See* Exhibit B; Exhibit C. On August 28, 2023, Defendant issued a decision affirming its denial of expedited processing. *See* Exhibit D. Plaintiff does not seek review of the expedited processing decision at this time.

## FACTUAL ALLEGATIONS

**The Credible Fear Procedures Manual and Reasonable Fear Procedures Manual**

9. Certain individuals whom DHS seeks to deport from the United States are subject to removal through expedited processes that provide no opportunity for a hearing in immigration court. *See, e.g.*, 8 U.S.C. § 1225(b) (expedited removal); 8 U.S.C. § 1231(a)(5) (reinstatement of removal); 8 U.S.C. § 1228(b) (administrative removal). Individuals subject to deportation through these processes are also denied the opportunity to seek most forms of relief from removal. *See id*. However, they are provided the opportunity to seek protection on the basis of fear of persecution or torture in their countries of origin in the form of asylum, withholding of removal, and/or protection under the Convention Against Torture (CAT). *See, e.g.*, 8 U.S.C. § 1225(b)(1)(B); 8 C.F.R. § 208.31.

10. The processes through which individuals ask for the opportunity to apply for asylum, withholding of removal, or CAT are the credible fear process (for individuals facing expedited removal) and the reasonable fear process (for individuals facing reinstatement of removal or administrative removal). *See id*.

11. The CFPM and RFPM are "staff manuals . . . that affect a member of the public," including individuals subject to the credible fear or reasonable fear process, legal representatives, and legal orientation providers, and "statements of policy and interpretations that have been adopted by" Defendant. 5 U.S.C. § 552(a)(2)(B), (C). As the Government Accountability Office has explained:

> USCIS has developed various policies and procedures related to managing and overseeing credible and reasonable fear cases in accordance with the regulations governing credible and reasonable fear screenings, including setting requirements for interview procedures, background and security checks, and supervisory review. In particular, USCIS has a *Credible Fear Procedures Manual* and a *Reasonable Fear Procedures Manual* that outline the procedures officers are to

follow in screening these cases.

U.S. Government Accountability Office, *Actions Needed to Strengthen USCIS's Oversight and Data Quality of Credible and Reasonable Fear Screenings* 21 (Feb. 2020), https://www.gao.gov/assets/gao-20-250.pdf (footnote omitted); *see also id* at 68 (describing the CFPM and RFPM as "documentation on key USCIS oversight mechanisms related to credible and reasonable fear screenings"). A previous version of the CFPM explained that the "Manual provides information on how to proceed with credible fear of persecution or torture determinations for [noncitizens] subject to expedited removal from the United States pursuant to [8 U.S.C. § 1225], and [noncitizen] stowaways who are processed pursuant to 8 C.F.R. § 235.1(d)(4)." Exhibit C at 17.

12. Defendant made a previous version of the CFPM available as part of the administrative record in a case before the U.S. District Court for the District of Columbia. *See Kiakombua v. McAleenan*, Case No. 1:19-cv-1872-KBJ (D.D.C. October 11, 2019), ECF 61-8. However, the currently operative version is not available to the public. The CFPM has also not been published in the Federal Register.

13. Defendant has not made the RFPM available to the public, and it has not been published in the Federal Register.

14. Absent access to the CFPM and the RFPM, Plaintiff and the general public are left with an incomplete picture of Defendant's policies and procedures before, during, and after the credible and reasonable fear processes.

## Plaintiff's FOIA Request to Defendant USCIS

15. On April 24, 2023, Plaintiff submitted a FOIA Request to Defendant using the online portal provided by Defendant. The request seeks "the operative versions, as of the date of this request, of the Credible Fear Procedures Manual (CFPM) and the Reasonable Fear

Procedures Manual (RFPM)." *See* Exhibit A at 1. It further "requests that USCIS proactively disclose the CFPM and the RFPM," because "[t]he operative versions of the Manuals fall squarely within the parameters and intent of the proactive disclosure requirements of FOIA." *Id*. (citing 5 U.S.C. § 552(a)(2)).

16. The FOIA Request also asked that Defendant expedite processing of the request because it involves "(1) circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of individuals in ICE custody at the Torrance County Detention Facility; (2) an urgency to inform the public about an actual or alleged federal government activity; (3) the loss of substantial due process rights; and (4) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *Id*. at 2 (citing U.S.C. § 552(a)(6)(E); 6 C.F.R. § 5.5(e)). It attached "a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing," as required by 6 C.F.R. § 5.5(e)(3). *Id*. at 6-8.

17. The FOIA Request also asked Defendant to waive all associated processing fees.

18. The 2023 report of the Chief FOIA Officer for DHS notes that "proactive disclosure of information is fundamental to the faithful application of the FOIA" and that the Attorney General has directed federal agencies to post "records online quickly and systematically in advance of any public request." DHS, *2023 Chief FOIA Officer Report* 21 (March 2023), https://www.dhs.gov/sites/default/files/2023-06/Chief%20FOIA%20Officer%20Report%20for%202023.pdf (quotation omitted). The report goes on to assert that "USCIS FOIA personnel work with multiple USCIS components to identify records to post to the USCIS Electronic Reading Room." *Id*. at 23.

19. Because Defendant has not publicly released the operative versions of the CFPM

Comp. for Decl. & Inj. Relief

and RFPM, affected members of the public are left with an incomplete understanding of Defendant's policies for conducting and overseeing credible fear and reasonable fear screenings, as well as how Defendant applies these policies to individuals seeking protection through the credible fear and reasonable fear processes. The requested information is critically important to assist these individuals, their legal representatives and legal orientation providers, their family members, and other members of the public in understanding the policies that guide Defendant's treatment of this vulnerable population before, during, and after credible fear or reasonable fear screenings and determining if and when Defendant's conduct does not comply with these policies.

20. By letter dated April 24, 2023, Defendant acknowledged receipt of the FOIA Request. *See* Exhibit B. Defendant's email assigned the case number COW2023002806, granted Plaintiff's request for a fee waiver, and denied the request for expedited processing. The letter placed the case in Defendant's "complex track (Track 2)" for processing FOIA requests,[2] and invoked a 10-day extension to the response deadline pursuant 5 U.S.C. § 552(a)(6)(B). *Id.* at 1-2. The letter provided no substantive response to the request.

21. On May 17, 2023, by U.S. mail, Plaintiff submitted an appeal of Defendant's denial of the request for expedited processing. *See* Exhibit C. The appeal also contested the placement of the FOIA Request in Defendant's self-created "Track 2" processing for purportedly "complex cases," as well as invocation of the 10-day extension of the response deadline under 8 U.S.C. § 552(a)(6)(B). *Id*. at 1.

22. On August 28, 2023, Defendant responded to Plaintiff's appeal of the expedited

---

[2] USCIS uses a multi-track system to process FOIA requests, depending on the type of material requested and Defendant's assessment of the purported complexity of the request. *See* USCIS, Check Status of FOIA Request, https://first.uscis.gov/#/check-status (last visited Feb. 16, 2024).

processing determination and assigned the appeal case number APP2023001402. *See* Exhibit D. Defendant affirmed its determination that expedited processing was not warranted but did not respond substantively to the other portions of Plaintiff's appeal. *Id*. Defendant then "clos[ed] [Plaintiff's] appeal" and took "no further action." *Id*. at 1. Plaintiff is not currently challenging Defendant's denial of its request for expedited processing or its placement in "Track 2." Rather, Plaintiff here challenges only Defendant's failure to comply with the statutory timeframe for responding to its still-pending FOIA Request and to ensure that Defendant proactively discloses the requested manuals as required by FOIA.

23. As of February 21, 2024, the USCIS online portal for tracking FOIA requests, first.uscis.gov/#/check-status, states that the "Status" of the FOIA Request as "Files Received" and the "Estimated Completion Date" as May 8, 2023.

24. Defendant did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). Defendant has failed to produce any records or make any substantive response to the FOIA Request.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

25. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

26. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiff's FOIA Request.

27. Plaintiff submitted the FOIA Request on April 24, 2023. Defendant failed to issue a response, including a determination of whether to comply with the request and the reasons

therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) (10 additional working days).

28. Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Proactively Disclose Records

29. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

30. Defendant is obligated under 5 U.S.C. § 552(a)(2)(B) to proactively disclose, in electronic format and on an ongoing basis, "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register." *See also Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 862 (9th Cir. 2019) ("Unlike FOIA's 'reactive' mechanism in § 552(a)(3), § 552(a)(2) identifies certain categories of records the agency must make available *on an ongoing basis*, no request necessary.") (emphasis added).

31. Defendant is obligated under 5 U.S.C. § 552(a)(2)(C) to proactively disclose, in electronic format and on an ongoing basis, "administrative staff manuals and instructions to staff that affect a member of the public." *See also Animal Legal Def. Fund*, 935 F.3d at 862.

32. The CFPM and RFPM are administrative staff manuals that affect members of the public, including but not limited to individuals seeking to apply for protection from removal based on fear of return to their countries of origin, their attorneys, and their families. The CFPM and RFPM also contain statements of policy and interpretations which have been adopted by the agency but have not been published in the Federal Register.

33.     Defendant has failed to proactively disclose the CFPM and RFPM, and no legal basis exists for Defendant's failure to proactively disclose them.

34.     Defendant's failure to proactively disclose the CFPM and RFPM is in violation of 5 U.S.C. § 552(a)(2)(B) and (a)(2)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a.     Assume jurisdiction over this action;

b.     Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to disclose the records requested by Plaintiff, and failure to proactively disclose the CFPM and RFPM;

c.     Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding requested records;

d.     Order Defendant to proactively disclose the CFPM and RFPM to the public in electronic format available on its website, including any future updated versions on an ongoing basis, in accordance with 5 U.S.C. § 552(a)(2);

e.     Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

f.     Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

DATED: February 21, 2024

By: *s/ Tess Hellgren*
**Tess Hellgren,** OSB No. 191622
tess@innovationlawlab.org
**Jordan Cunnings,** OSB No. 182928
jordan@innovationlawlab.org
**Rachel Landry** *(pro hac vice application forthcoming)*
rachel@innovationlawlab.org
Innovation Law Lab
333 SW 5th Ave., Suite 200
Portland, OR 97240
Telephone: (503) 922-3042

**Mary Kenney** *(pro hac vice application forthcoming)*
mary@immigrationlitigation.org
**Kristin Macleod-Ball** *(pro hac vice application forthcoming)*
kristin@immigrationlitigation.org
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
Telephone: (617) 819-4681

*Attorneys for Plaintiff Innovation Law Lab*